IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,611






EX PARTE BRIAN KEITH KINNETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM WICHITA COUNTY







Holcomb, J., filed a concurring opinion, in which Womack, J., joined.



O P I N I O N


 I note at the outset that I stand by my position in Wright v. State, 201 S.W.3d 765, 770 (Tex.
Crim. App. 2006) (Holcomb, J., dissenting). In my view, the Legislature's wording of the statute
in question, Texas Health and Safety Code, Section 481.002(49), is overly broad when it defines an
"adulterant or dilutant" as "any material that increases the bulk or quantity of a controlled substance,
regardless of its effect on the chemical activity of the controlled substance." (Emphasis added.) But
I believe that the Court has reached the correct result in this case primarily because the "adulterant"
or "dilutant" in question was water. 

 There was apparently no evidence at trial that applicant flushed the commode after pouring
his liquid methamphetamine in it, even though he had time to do so. Indeed, the habeas court
specifically found that the commode had not been flushed. Moreover, that court also noted that there
was nothing in the record to suggest that the toilet was not functioning. According to the experts'
affidavits in the habeas record, it is common for methamphetamine "cooks" to keep the left-over
materials ("bones") from methamphetamine production. This "bones" material is retained for further
processing to extract more methamphetamine later. According to one of the experts' affidavits, "[i]t
is possible to extract methamphetamine from 'bones' material, if the 'bones' still contain
methamphetamine, if such material has been introduced into a quantity of water." Chandley
Affidavit, Habeas Record at 10 (emphasis added). Thus, unlike the extraneous liquids in question
in Seals v. State, 187 S.W.3d 417 (Tex. Crim. App. 2005) (blood), and Wright (unusable toxic
liquids), water appears to be correctly characterized as an adulterant or dilutant in the present case
because it seems to play a critical role in the preservation, and later extraction, of methamphetamine
from the "bones" material. Based on all this evidence produced at trial and at the evidentiary
hearing, I can see how the habeas court could have concluded that applicant had poured the
methamphetamine in the commode with the intention of later retrieving the mixture and extracting
any residue of methamphetamine from the water, no matter how ridiculous this may seem to
someone not versed in the drug trade.

 In addition to above, I note that applicant has presented several examples to show the
absurdity of the statute in question. See Ante, slip op. at 3 n.2. All of those examples are
hypothetical and none comes even close to describing this applicant's case. It is therefore important
to note that this Court has declined to comment in any way on the merit of those hypothetical cases,
if one should materialize before us someday.

 Finally, I note that applicant incorrectly argues that "[t]he enhanced punishment to which he
was sentenced bears no reasonable relationship to the crime he committed," Applicant's Brief at 14-15, suggesting that he had been sentenced to 85 years' imprisonment and a fine of $250,000 solely
for his conviction for possession of more than 400 grams of a controlled substance, which included
the weight of the actual methamphetamine and the toilet water. As the State points out, however,
it had presented evidence, during the punishment phase, showing that applicant was already on
felony probation for aggravated assault at the time of the present offense. The evidence also showed
that, only six days before the present offense, applicant had been stopped and arrested, caught with
56 grams of usable methamphetamine, a large wad of cash, a number of empty little bags typically
used to distribute drugs, and digital scales typically used to weigh drugs. Thus, it was no doubt due
to the introduction of such evidence, and not simply because of the offense charged in the present
case, that the jury assessed the enhanced punishment.

 For all the foregoing reasons, I concur.


FILED: FEBRUARY 13, 2008.

DO NOT PUBLISH